IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Tyrone Singletary, #237129, | ) | Civil Action No.: 8:09-806-CMC-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Bernard McKie, Warden of Kirkland | ) | |
| Correction Institution; Sgt. E. | ) | |
| Quattlebaum, Law Library Officer; H. | ) | |
| Boatman, Law Library Officer; Official | ) | |
| capacities/Indifidual | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983, for an alleged denial of access to the courts. Specifically, the plaintiff contends that he was not able to effectively prosecute his state court appeal for lack of access to certain legal books and materials in the defendants' law library. This matter is before the Court on the defendants' motion for summary judgment, [Doc. 19.]

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

## APPLICABLE LAW

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56. Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

<u>**DISCUSSION**</u>

**I.    Exhaustion**

The defendants first contend that the plaintiff did not exhaust his administrative remedies prior to filing this action. The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust administrative remedies before filing a §1983 action concerning his confinement. 42 U.S.C.A. §1997(e) states:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In *Porter v. Nussle,* 534 U.S. 516 (2002), the United States Supreme Court held that the exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes.  In *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006), the United States Supreme Court held that the PLRA exhaustion requirement requires proper exhaustion.  *Id*.  The Court stated that "[a]dministrative law requires proper exhaustion of administrative remedies which means using all steps that the agency holds out, and doing so properly."  *Id*.  (Internal quotations and citations omitted). Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including §1983.  *Id.*

The purpose of the exhaustion requirement is twofold.  First, it gives an administrative agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court."  *Woodford,* 126 S.Ct. at 2385 (*quoting McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)).  Second, "[c]laims generally can

be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id.* Any consideration of administrative remedies pursued after the commencement of the litigation would only serve to frustrate both purposes of the PLRA's exhaustion requirement.

The Court would take notice that in order to exhaust the SCDC administrative remedies, an inmate must fill out a Form 10-5 or Step 1 grievance about the matters raised in his complaint and give the form to the Institutional Inmate Grievance Coordinator within fifteen (15) days of the alleged incident of which the inmate complains. The Warden must respond to the Step 1 grievance in writing no later than forty (40) days from the filing of the initial grievance. If the inmate is not satisfied with the Warden's response, he must file an appeal of the Step 1 grievance response by filing a Form 10-5a or Step 2 Request for Responsible Official Review with the Inmate Grievance Coordinator within five (5) days of the receipt of the response from the Warden. The decision of the official who answers Step 2 is considered the SCDC's final response in the matter. Only after completing both Steps 1 and 2 in the SCDC grievance process has an inmate properly exhausted a claim under §1983. 42 U.S.C. § 1997e. Further, exhaustion must be completed prior to filing an action. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 677 (4th Cir. 2005).

The defendants have offered evidence that although the plaintiff has submitted a number of Grievances, he has not pursued any of them fully through Step 2. (See generally Coleman Aff.) The plaintiff does not dispute the representation, in large part, but does contend that one of his Grievances did, in fact, receive resolution at Step 2. He is correct. (Pl. Resp., Ex. E.) The Grievance properly covers the matters at issue in this

present suit. *See id.* Moreover, no appeal of that decision to the administrative law courts of South Carolina was necessary for purposes of exhaustion, as the defendant would imply.

In Section 1983 matters, Congress only intended that "administrative remedies" be satisfied. *See e.g., Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir.2002) (holding exhaustion under § 1997e(a) is administrative only; a prisoner who uses all administrative options that the state offers need not also pursue judicial review in state court); *Brown v. Evans Corr. Inst. Med. Staff*, 2007 WL 1290359, at *4 (D.S.C. April 30, 2007).

The defendants do not strongly argue otherwise. In fact, they have conveniently avoided a discussion of the resolution of this particular Grievance at Step 2, other than to summarily say it was not "appealed." (Def. Mem. Summ. J. at 16.) It need not have been.

Accordingly, the defendants should not be granted summary judgment based on the plaintiff's failure to exhaust. It is recommended, however, that summary judgment be granted on the failing merits of the plaintiff's claim, as discussed below.

## II.    Merits

The plaintiff generally alleges a claim for denial of access to the courts. (See Compl. at 4-6.) He contends that "the law library no longer furnish [sic] inmate's [sic] with update [sic] materials as case citations, shepardizing [sic] books, or legislative manuals or any other types of form of litigation . . . ." *Id.* at 4.

The United States Constitution guarantees prisoners the right of meaningful access to the courts. *Bounds v. Smith,* 430 U.S. 817 (1977). In *Bounds,* the Supreme Court held that the right of access imposes an affirmative duty on prison officials to assist inmates in

preparing and filing legal papers, either by establishing an adequate law library or by providing adequate assistance from persons trained in the law. *Id.* at 828. To state a denial of access claim, a prisoner must provide some basis for his allegation that the failure to provide access to law materials and books, mail, notary services, etc. have deprived him of meaningful access to the courts. *White v. White,* 886 F.2d 721, 723 (4th Cir. 1989). In *Lewis v. Casey,* 518 U.S. 343, 349 (1996), the Supreme Court held that a prisoner must show some actual injury resulting from a denial of access in order to allege a constitutional violation. This requirement can be satisfied by demonstrating that a non-frivolous legal claim was frustrated or impeded by some actual deprivation of access. *Id.* at 352-53. A claim for failure to provide access to the courts must be pled with specificity. *Cochran v. Morris,* 73 F.3d 1310, 1317 (4th Cir.1996). The Court does not believe that the plaintiff has offered evidence of actual injury from which a reasonable jury could find in his favor on the claim.

The plaintiff contends that his *pro se* brief, on appeal to the South Carolina Court of Appeals, was impaired, and ultimately denied, by want of materials in the defendants' law library.[1] (Pl. Resp. at 8, Ex. B.) This is an insufficient showing of injury, as a matter of law. Relying on the Fourth Circuit decision, in *Hause v. Vaught*, 993 F.2d 1079, 1084 (4th Cir.1993), this district has concluded that "[a]ctual injury cannot be established merely by conclusory statements that the inmate would have fared better in litigation had he or she

---

[1] As an apparent afterthought or simply as additional circumstantial support for his present claim, the plaintiff has also mentioned that the law library has impaired his ability to prosecute a pending federal habeas case. That matter was not pled in his Complaint and, there is no evidence that it was ever exhausted. The Court does not interpret these allegations as predicate facts intended by the plaintiff as part of the basis for his claim.

had more or better access to legal research materials." *Jones v. Lexington County Detention Center*, 586 F. Supp. 2d 444, 448 (D.S.C. 2008). Rather examples of a sufficient "actual injury," might include a showing "that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known." *Lewis*, 518 U.S. at 351.

Although there is some evidence that the plaintiff specifically needed a South Carolina Digest Supplement; a volume of the South Carolina Code of Laws; and maybe a Southeastern Reporter (Pl. Resp., Ex. B), the plaintiff has not produced evidence as to precisely (1) what issues those materials would have addressed; (2) how such issues were, in fact, briefed on appeal; (3) how the court of appeals resolved the issues, analytically; or (4) how any such materials would have changed that legal determination. *See Magee v. Waters*, 810 F.2d 451, 452 (4th Cir.1987) ("He advises us of no specific problem he wished to research and of no actual injury or specific harm which has resulted to him by his limited access to the jail library or its limited contents."). The plaintiff contends that he has been more specific than in *Hause* or *Magee* (Pl. Resp. at 12); the Court would simply disagree. His current plea is essentially the same – that he could not develop theories or respond to defenses, generally. But, his protestation that his brief, in a general way, failed for lack of access to these materials, baldly made, is simply not enough. *See Hause*, 993 F.2d at 1084.

## **CONCLUSION**

Wherefore, based upon the foregoing, it is recommended that the defendants' motion for summary judgment [Doc. 19] should be GRANTED and all claims dismissed with prejudice.

s/Bruce Howe Hendricks
United States Magistrate Judge

February 11, 2010
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).