IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| Tyrone Singletary, # 237129, ) | C/A NO. 8:09-806-CMC-BHH |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Bernard McKie, Warden of Kirkland ) | |
| Correction Institution; Sgt. E. Quattlebaum, ) | |
| Law Library Officer; H. Boatman, Law ) | |
| Library Officer; Official ) | |
| capacities/Individual, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pre-trial proceedings and a Report and Recommendation ("Report"). On February 11, 2010, the Magistrate Judge issued a Report recommending that Defendants' motion for summary judgment be granted and this matter dismissed with prejudice. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on February 26, 2010.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo*

1

determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order, except as noted below.

The Report found that there was some evidence that Plaintiff "needed" certain legal materials which he had requested from the prison law library. Report at 7 (Dkt. # 24, filed Feb. 11, 2010). However, Plaintiff's conclusory statements that these materials contained information which was "related," "pertinent," and "necessary" to the completion of a supplemental brief to be filed in the South Carolina Court of Appeals, Pla's Opp. to Mot. for Summ. J. at 3, 4 (Dkt. # 21, filed Sept. 1, 2009), is insufficient to show that he "needed" the requested material.

Plaintiff asserts that the claim he wished to present in a supplemental appeal brief in the South Carolina Court of Appeals was "of extraordinary importance," *Id*. at 7, yet Plaintiff never reveals what this claim was. Plaintiff provides a copy of a letter sent to him by his appellate counsel urging him to do so, as "[s]ince you have already submitted a brief to the Court of Appeals, I believe it would be best for you to write a letter to the Court of Appeals immediately and ask them if you can submit a supplemental brief. *In that letter, explain why you need to do this and what the issue is.*" Dkt. # 25-5 at 3 (filed Sept. 1, 2009) (emphasis added).

Therefore, as Plaintiff provides no evidence of the issue he hoped to include in his supplemental brief, or that he was given permission by the South Carolina Court of Appeals to file a Supplemental Brief in support of his direct appeal of his convictions for rioting, taking a hostage, assaulting a correctional officer, carrying a weapon, and inciting a riot,[1] Plaintiff makes an inadequate showing of actual injury to proceed further.

Plaintiff contends in his Objections that the Report "requires far too much of me" in finding that Plaintiff has made no showing of actual injury. Obj. at 2 (Dkt. # 27, filed Feb. 26, 2010). Plaintiff claims that he has made a showing of "a non-frivolous legal claim" because "the Magistrate [Judge] has already admitted that there is evidence that I needed 'specific" legal research materials." *Id*. Yet as noted above, the court rejects this finding in the Report, and finds that while Plaintiff had indeed requested certain documents, there is no showing that these materials were necessary to the pursuit of a specific issue for presentation to the court.

Defendants' motion for summary judgment is **granted** and this matter is dismissed with prejudice.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 12, 2010

C:\Documents and Settings\nac60\Desktop\09-806 Order.wpd

---

[1] The court notes that these convictions were not the subject of Plaintiff's federal habeas petition which was dismissed in December 2009. *See Singletary v. Warden*, D.S.C. Civil Action No. 8:09-1257-CMC-BHH.